IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,488-01






EX PARTE TOMMY LYNN DRAKE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 2002-115A IN THE 274TH DISTRICT COURT 

CALDWELL COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of
the offense of driving while intoxicated and sentenced to confinement for thirty years. 
Applicant's conviction was affirmed on appeal. Drake v. State, No. 03-02-00809-CR (Tex.
App.--Austin, delivered May 6, 2004, no pet.).

 Applicant contends that counsel was ineffective for not investigating whether a person
named Gregg was the driver of the truck in question; for not investigating the circumstances
of Applicant's exit from the truck; and for not objecting to testimony from a person from the
local fire department who said that Applicant was "probably driving."

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court shall resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from, or it may order a hearing. In the appropriate case the
trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel investigated the possibility that a person named Gregg was driving the
truck. The trial court shall also make findings of fact as to whether counsel investigated the
circumstances of Applicant's exit from the truck. Finally, the trial court shall make findings
of fact as to counsel's reasons for not objecting when a person from the local fire department
testified that Applicant was "probably driving." The trial court shall then make findings of
fact as to whether counsel was ineffective. The trial court shall make further findings of fact
and conclusions of law it deems relevant and appropriate to the disposition of the application
for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 3rd DAY OF MAY, 2006.


 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.